UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES BISHOP, )
 )
       Petitioner, )
v. ) No. 2:05-CV-44-RLY-WGH
 )
CRAIG HANKS, Superintendent, )
 )
       Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

James Bishop ("Bishop") seeks habeas corpus relief with respect to a prison disciplinary proceeding identified as No. BTC 04-10-0122. In that proceeding, Bishop was found guilty of misconduct consisting of attempting to engage in trafficking with anyone who is not an offender residing in the same facility.

For the reasons explained in this Entry, Bishop is not entitled to the relief he seeks and his petition must be **denied.**

**I.  Background**

Bishop was charged in No. No. BTC 04-10-0122 with attempting to engage in trafficking with anyone who is not an offender residing in the same facility. This charge was based on the results of an investigation which, according to the officer who wrote the conduct report, showed that, between August 23, 2004 and October 20, 2004, Officer Whelan obtained the information that revealed that Bishop had been conspiring to commit trafficking of tobacco and marijuana in two dormitories of the Branchville Training Center, an Indiana prison. He was given a copy of the charge on October 21, 2004, and notified of his procedural rights in connection with the anticipated hearing. The hearing was then conducted on October 27, 2004. Bishop was found guilty and was sanctioned. This action followed.

Bishop seeks relief on the grounds that he was denied the right to present physical evidence, a prison policy was violated when a particular form was not filled out completely, and there was insufficient evidence to support the conduct board's findings.

## II.  Applicable Law and Discussion

Bishop is entitled to a writ of habeas corpus if he is in custody pursuant to the challenged proceeding "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Bishop was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Bishop received all the process to which he was entitled. The record shows that the charge was clear, that Bishop received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

With respect to the sufficiency of the evidence, the due process requirement is meager. A federal habeas court does not conduct examination of the entire record, independently assess witness credibility, or weigh evidence. *McPherson,* 188 F.3d at 786. Rather, its task is to determine whether there is any evidence in the record that could support the conclusion of the conduct board. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The investigation included the monitoring of phone conversations of offenders suspected of being involved in a scheme to traffic in contraband. This monitoring revealed details about large payoff amounts and money orders that involved outside family members and friends. Information received from confidential informants and conversations indicated that Bishop was working with others in connection with the delivery of contraband. This scheme was to unfold utilizing the fact that Bishop and inmate Helvey–also in on the plot-- worked for maintenance plumbing and had access to all areas of the facility. This gave them a means of delivering contraband to the food service department. The investigation also revealed money order receipts from Bishop to his wife, Robin Albertson. Furthermore, according to the investigation, "phone conversations by other offenders also implicated Bishop." This evidence showed that Bishop was involved in a scheme to traffic and was sufficient, for  a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993), *cert. denied,* 115 S. Ct. 314 (1994). The fact that Bishop denied

being culpable does not deprive the conduct board's decision of the constitutionally sufficient "some evidence," because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill,* 472 U.S. at 457. The task of weighing the evidence is left to the fact-finders, and cannot be performed by a reviewing court in the exercise of its federal habeas jurisdiction. *Viens v. Daniels,* 871 F.2d 1328, 1334-35 (7th Cir. 1989). Due process requires only a decision based on "some evidence," which was present in this case.

Bishop claims that he was denied the right to present physical evidence, that being phone transcripts, money order receipts, informant notes and any videotapes. Although Bishop made a timely request for these materials, prison staff determined that they would be denied "for security reasons." Despite denying Bishop access to these materials, the conduct board had access to and reviewed the confidential file. Keeping these materials confidential was a reasonable exercise of discretion in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier,* 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted).

Bishop also seeks relief based on his claim that a particular prison form was not properly filled out. For due process purposes, the conduct board was required to provide a meaningful explanation of its finding. The record of the conduct board's decision amply supplied Bishop with the basis for the decision and permitted meaningful review. *Wolff,* 418 U.S. at 565; *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (*citing Wolff,* 418 U.S. at 564-65.) ("A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct.").

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Bishop to relief. His claim that he was denied protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/22/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana